### ABRAHAM REED & another *vs.* JOB T. WILSON.

A tender, made before the entry of a writ, and pleaded in the answer, does not, under the Rev. Sts. *c.* 121, §§ 1, 3, deprive the plaintiff of the right to full costs in an action for trespass to real estate, although the damages recovered are less than twenty dollars.

ACTION OF TORT, begun in the court of common pleas in Bristol, for turning cattle upon the plaintiffs' close. Before the entry of the writ, the defendant made a tender to the plaintiffs, which was not accepted; and afterwards brought the money into court, and pleaded the tender in the answer. Upon the trial, a verdict was returned for the plaintiffs for more than the amount tendered, but less than twenty dollars. The clerk allowed the plaintiffs full costs. *Briggs*, J. affirmed this taxation, and the defendant alleged exceptions.

*L. Lapham*, for the defendant. The tender having admitted the cause of action, the issue tried did not and could not involve any question of title to real estate, and the plaintiffs therefore were not entitled to full costs. Rev. Sts. *c.* 121, § 3.

*J. C. Blaisdell*, for the plaintiffs.

BY THE COURT. This being one of the cases enumerated in the statute, " trespass on real estate," full costs are given by statute. Rev. Sts. *c.* 121, §§ 1, 3. *Sawyer* v. *Ryan*, 13 Met. 148 *Murray* v. *Watson*, 12 Cush. 457. The tender, although it admitted the cause of action, did not change the express rule of the statute for the taxation of costs. *Exceptions overruled.*